```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| MARK KENJI OBATA, #A0113411, ) | CIV. NO. 13-00137 LEK/RLP |
| ) | |
| Plaintiff,    ) | |
| ) | ORDER DISMISSING COMPLAINT |
| vs.               ) | PURSUANT TO 28 U.S.C. §§ 1915A |
| ) | & 1915 |
| WARDEN HARRINGTON, LT.        ) | |
| SAYORAN, IRENE REVILLA RN,    ) | |
| JANET (NURSE),                ) | |
| ) | |
| Defendants.   ) | |

## ORDER DISMISSING COMPLAINT
## PURSUANT TO 28 U.S.C. §§ 1915A & 1915

Plaintiff Mark Kenji Obata, a prisoner at the Waiawa Correctional Facility ("WCF"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants WCF Warden Harrington, Lieutenant Sayoran, Irene Revilla, and "Nurse" Janet violated his rights under the Eighth and Fourteenth Amendments by denying him timely and adequate medical care and depriving him of his personal property. Plaintiff names Defendants in their official and individual capacities and seeks injunctive and monetary relief, including release from prison.

Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2). Plaintiff is given leave to amend, as discussed and limited below.

## I. PLAINTIFF'S CLAIMS

Plaintiff says that, on or about 9:00 p.m., on August 4, 2012, he "was in "excruciating, agonizing pain and swelling of [the] left side of my face and ear. My hearing (left) was impaired, my vision started to get obscured, my mouth was not functioning properly, my equilibrium made walking difficult, I was nauseated and was throwing up." Compl. Count II, ECF No. 1 PageID #6. Plaintiff alleges that Warden Harrington was aware that WCF had no twenty-four hour, onsite emergency facility. *Id.*, Count I, PageID #5. Plaintiff claims Harrington is liable for the alleged denial of adequate medical care to him, based on Harrington's position as WCF Warden.

Plaintiff was apparently taken to an emergency center at some point, because he states that, when he returned from "Pali Momi (Emergency) with prescribed medication from my DR's at Pali Momi," on or about August 10, 2012, Nurse Janet denied and "deprived [him] of prescribed medication[.]" *Id.*, Count III, PageId #7.

## II. LEGAL STANDARD

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally

frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to

construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Immunities**

Plaintiff names Defendants in their official and individual capacities.  In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit.  *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 53 (1996); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  State officers acting in their

official capacities receive the same immunity as the government agency that employs them. *Hafer v. Melo*, 502 U.S. 21 (1991).

The State of Hawaii has not consented to suit under § 1983 in this case. Thus, the Eleventh Amendment bars Plaintiff's claims for damages against Defendants in their official capacities. *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992). Defendants named in their official capacities and damages claims against are them DISMISSED with prejudice.

**B.   Claims Against Defendants Revilla and Sayuran Are Dismissed**

Section 1983 plainly requires that there be an actual connection or link between the actions of a defendant and the deprivations alleged. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658(1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff provides no facts linking Defendants Revilla and Sayoran to his claims. They are not mentioned within either of his claims and Plaintiff gives no indication what they did to

violate his constitutional rights.  Defendants Revilla and Sayoran are DISMISSED.

**C.   Eighth Amendment Claims**

Plaintiff alleges that WCF's lack of an onsite, twenty-four hour emergency facility violates his rights under the Eighth Amendment.  The prohibition of cruel and unusual punishment in the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care.  *Id.*  Eighth Amendment claims involving medical care apply the deliberate indifference standard.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

To state a constitutional violation, a prisoner must satisfy a two-part test that has objective and subjective components: (1) the deprivation alleged must be objectively sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.  With respect to the subjective prong, the state of mind is one of deliberate indifference to inmate health or safety.  *Id.*  Under this standard, the prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the prison official must also draw that inference.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.

2004).

Prison officials act with deliberate indifference to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted), or if prisoners are unable to make their medical problems known to medical staff.  *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).  Prison authorities have "wide discretion" in the medical treatment afforded prisoners.  *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1967).

### 1. *Lack of a Twenty-four Hour Emergency Care Facility*

Plaintiff fails to allege facts showing that WCF's lack of a twenty-four hour emergency care facility violated his constitutional rights.  The Constitution requires prison officials to provide timely and adequate medical (and dental) care to prisoners.  It does not require that every prison and jail have medical staff on duty twenty-four hours a day.  *See Bennett v. Reed*, 534 F. Supp. 83, 87 (E.D.N.C. 1981) (absence of availability to qualified nurse on twenty-four hour duty does not violate prisoner's constitutional rights); *Williams v. Limetone Cnty.*, 198 F. App'x 893, 897 (11th Cir.2006) (absence of twenty-four hour medical staff on duty did not violate the prisoner's constitutional rights); *Robinson v. Conner*, 2012 WL

2358955 *5 (M.D. Ala. 2012) (holding that prison's lack of twenty-four hour emergency infirmary, without more, fails to state a claim); *Parker v. Amos*, 2011 WL 3568836 *3 (W.D. Va. 2011) (holding that jails and prisons are not required to provide twenty-four hour emergency care facilities).

Notwithstanding WCF's alleged lack of a twenty-four hour infirmary, Plaintiff fails to allege sufficient facts showing that (1) he required emergency medical care for a serious physical condition, (2) prison officials were aware of his serious need, and (3) nonetheless, refused or were unable to transport him to an emergency care facility outside of the prison with deliberate indifference to his health and safety.  As such, Plaintiff fails to state a claim and this claim is DISMISSED.

### 2. *Claims Against Warden Harrington*

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 676.  Rather, each government official may only be held liable for his or her own misconduct.  A defendant may be held liable as a supervisor under § 1983 if either (1) he or she was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation.  *Starr v. Baca*, 633 F.3d 1191, 1196 (9th Cir. 2011).  In general, a plaintiff "must allege that every

8

government defendant -- supervisor or subordinate -- acts with the state of mind required by the underlying constitutional provision. *Or. State Univ. Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012). Conversely, where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be held liable. *See Edgerly v. City and Cnty of San Francisco*, 599 F.3d 946, 961-62 (9th Cir. 2010).

Plaintiff fails to establish that Warden Harrington was personally involved or otherwise responsible for the alleged delay or denial of medical care to Plaintiff. Plaintiff simply claims in conclusory terms that he was in pain on August 4, 2012, and that Warden Harrington knew that WCF lacked an onsite, twenty-four hour emergency facility. As explained above, even if Harrington was aware that WCF lacked a twenty-four hour infirmary, that does not equate to Harrington's deliberate indifference to Plaintiff's alleged need for emergency medical care on August 4, 2012. Plaintiff does not allege that Harrington was aware of Plaintiff's need for emergency care, or that Harrington instituted policies or procedures that denied medical services to prisoners who became ill overnight WCF. That is, that Harrington denied WCF staff the authority to transport Plaintiff or any other prisoner to an outside emergency medical facility if the need arose. An individual's "general

responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Plaintiff's allegations against Warden Harrington fail to state a cognizable constitutional claim and are DISMISSED.

### 3.  *Claims Against Defendant Nurse Janet*

Plaintiff claims that WCF Nurse Janet "denied" him the medication that he was prescribed by the Pali Momi Emergency Center. Plaintiff frames this as a deprivation of his personal "property." *See* Compl., Count III, ECF No. 1 PageID #7. Without more, this statement fails to state a plausible claim for an Eighth or Fourteenth Amendment violation.

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 680. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — "that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

First, a more likely explanation for the confiscation of Plaintiff's pain medication upon his return from Pali Momi is to further the prison's need to monitor prescription pain medication in the prison.  Common sense dictates that prisons cannot allow prisoners to retain prescription pain medication in their cells to use or sell at their discretion.

Second, although Nurse Janet may have taken Plaintiff's prescription medication from him, this does not equate to a denial of care.  She may have delivered the medicine to Plaintiff as prescribed by the Pali Momi doctors, or she may have given him alternative medication as prescribed by the prison's doctors. Plaintiff refrains from saying she denied him any pain medication and it is unlikely that she would do so without a doctor's orders.  Rather, Plaintiff's vague statement suggests that he disagrees with the course of medical care he is being provided at the prison, rather than an unequivocal statement that Nurse Janet completely denied him either his own or an alternate pain medication.  A prisoner's disagreement with prison medical personnel concerning his treatment does not equate to a constitutional violation.  *See Toguchi*, 391 F.3d at 1058.

11

To the extent Plaintiff seeks to hold Nurse Janet liable for depriving him of his "personal property," he similarly fails to state a claim. The unauthorized negligent or intentional deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate post-deprivation state remedy.[1] *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff's statements are insufficient to state a claim against Nurse Janet and are DISMISSED.

## IV. LEAVE TO AMEND

Plaintiff's Complaint is DISMISSED. Plaintiff may file a proposed amended complaint on or before **May 6, 2013,** curing the specific deficiencies noted above. The amended complaint must contain short, plain statements explaining each Defendant's involvement in Plaintiff's claims and specific facts supporting a finding that Defendants violated his constitutional rights.

The proposed amended complaint must clearly designate that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

---

[1] Hawaii Revised Statutes § 662-2 provides that public employees are liable for torts in the same manner and to the same extent as a private individual and expressly waives state immunity for its employees' torts, providing Plaintiff an adequate post-deprivation remedy.

Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### V.    28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### VI.    CONCLUSION

1.    The Complaint is DISMISSED in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) .

2.    Plaintiff is granted leave to file an amended complaint on or before **May 6, 2013**, in compliance with this Order.  If Plaintiff fails to do so, this action will be AUTOMATICALLY DISMISSED, without further notice and the Clerk

13

SHALL enter judgment stating that the dismissal was made pursuant to 28 U.S.C. § 1915.

      3.  The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, April 8, 2013.



                          /S/ Leslie E. Kobayashi
                          Leslie E. Kobayashi
                          United States District Judge

*Obata v. Harrington,* 1:13-cv-00137 LEK/RLP;G:\docs\prose attys\Screening\DMP\2013\Obata 13-137 lek (8th amdt ftsc lv amd).wpd